[Civ. No. 2721.   First Appellate District, Division Two.—April 4, 1919.]

## Q. SCRIBANTE, Respondent, v. WILLIAM EDWARDS et al., Appellants.

[1] Contracts—Additional Work Ordered by Architect—Liability of Owner.—Where the contract to lay a concrete floor in the basement of a building binds the contractor to do the work under the architect's direction, the owner of the building is liable to such contractor for extra work performed in the laying of a floor of additional thickness than that called for by the contract which is ordered by the architect after his attention is called by the contractor to the condition found to exist in the basement after the water is pumped out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edgar C. Chapman for Appellants.

Albert Picard for Respondent.

BRITTAIN, J.—The defendant owner appeals from a judgment on a mechanic's lien.   As stated in the opening brief, the single point presented is upon the interpretation of the contract.   No authorities are cited in the briefs.   The contract was evidenced by two writings, both prepared by the architect employed by the owner, one in form an offer to do the work, and the other a formal acceptance of the offer.   The work was to lay a concrete floor in the basement of an old building, under which there was a pressure of water, causing it to percolate through the old floor and to flood the base-

ment.   When the writings were prepared the basement was flooded to a depth of about eighteen inches and the old floor was covered with mud.   It was impracticable, if not impossible, to ascertain the condition of the old floor, and the architect and contractor, at least, assumed it was substantially level.   The offer was to pump out and to clean the basement and to do certain other work in addition to the main work of laying the concrete floor.   Upon the assumption of substantial uniformity of the surface of the old floor, the contractor computed the amount of concrete which would be required to lay a floor with a foundation five inches thick with a surface of an additional thickness of one inch.   The architect was not at that time sure whether a floor of the thickness bid upon would be sufficiently strong to stop out the percolating water; a unit price for extra thickness was fixed by a computation of the area of the basement multiplied by one inch to ascertain the number of cubic yards of concrete which would be required for each additional inch of thickness.

The clauses of the contract which are in question are the following: ''Lay a concrete floor over the entire surface of the basement not less than five inches thick with good and proper fall to the sump at N. E. corner of the basement. . . . Lay a top or finish floor one inch thick, . . . This work is to be performed under the direction of Fred Burrage Wood, architect, for the sum of One Thousand and Twenty-five (1025.00) dollars, . . . Should you desire to increase the thickness of the base or foundation floor I will furnish the materials same as in proposed floor as above and perform the labor for the sum of One Hundred and Twenty-five (125.00) dollars per inch thickness over and above the proposed five inches.''

When the basement was pumped out, upon the advice of the architect, the owner, through the architect, orally instructed the contractor to increase the thickness of the foundation one inch.   It was then apparent that the old floor was undulating and that a floor of uniform thickness would not permit drainage to the sump.   The contractor informed the architect that even with the proposed additional inch of concrete, if the floor were laid so as to permit drainage, it would leave only about three inches of thickness over the high places in the old floor.   The architect thereupon directed the foundation to be made six inches thick over the high places and himself marked

at more than sixty places on the walls and pillars the elevations to which the floor was to be laid. When the work was completed it was found the additional concrete over the original amount determined by computation was equivalent to four and one-half inches over the entire floor, that is, the admittedly ordered inch plus three and one-half inches additional which it is admitted went into the basement in filling the low spots in the original floor and in bringing the floor to the grade directed by the architect, acting for the owner.

On behalf of the appellant it is contended that under the contract as modified by the order of the additional inch of concrete the contractor was bound to lay a floor not less than seven inches thick at the thinnest place, i, e., over the high places, on the old floor, and to lay that floor so that it would carry off the water, and, further, that when the contractor discovered the condition of the floor after it had been pumped out, if the two requirements could not be fulfilled, the contractor should have refused to proceed with the work.

[1] The contract bound the contractor to do the work under the architect's direction. The appellant by his argument admits the architect was the agent of the owner in ordering the contractor to lay the additional inch of foundation. To interpret the contract as contended for by the appellant would be to charge the contractor with the duty of determining at his peril which of the directions of the architect he was to fulfill and which he should disregard. Where the principal authorizes the agent to order work done, without notification to the contractor limiting the extent of the agent's power, the principal is bound, even though the agent exceeding his authority orders more work than the principal directed, in the absence of bad faith on the part of the contractor. (Civ. Code, secs. 2317, 2319, 2331, 2334.) When the attention of the architect was called to the physical impossibility of meeting the two conditions relied upon by the appellant, the architect directed the contractor to lay seven inches of concrete on the high places and to work to grades which the architect then established. The work ordered by the architect was done satisfactorily. The work and the labor performed and the materials furnished were used in the alteration and repair of the appellant's building. Having received the benefit of the work, the owner should pay for it. (Civ. Code, sec. 3521.) The knowledge of the architect that the work was being done

under his direction was notice to the owner. (Civ. Code, sec. 2332.) When the contractor told the architect what his order would require, the work might have been forbidden. (Civ. Code, sec. 3519.) There is no question presented as to the correctness of the amount for which judgment was rendered, if the interpretation of the contract by the lower court was correct. In holding the owner bound' to pay for the extra work, the lower court interpreted the contract as binding the owner by the architect's order. This interpretation was correct.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1919.

All the Justices concurred.